IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LEELA MARET, ALEX THOMAS, and JOSEPH      : Case No.: 8:20-cv-02417-GJH
KURIAPPURAM,                              : Judge George J. Hazel
                                          :
          Plaintiffs,                     :
                                          :
          -vs-                            :
                                          :
MAMMAN C. JACOB, PHILIPOSE PHILIP, BEN    :
PAUL, KURIAN PRAKKANAM, GEORGY            :
VARUGHESE, and FEDERATION OF KERALA       :
ASSOCIATIONS IN NORTH AMERICA, INC.,      :
                                          :
          Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Leela Maret, Alex Thomas, and Joseph Kuriappuram, by their undersigned counsel, moves to remand this case to the New York State Supreme Court, Queens County, and state the following in support:

**I. INTRODUCTION AND BACKGROUND**

Plaintiffs' New York petition or complaint under New York Not-for-Profit Corporation Law 618 (i) does not meet the complete diversity requirement because Plaintiffs and one of the defendants reside in New York State and (ii) does not meet the $75,000.00 threshold requirement for diversity jurisdiction because Plaintiffs are not seeking monetary damages in the New York petition. This court does not have subject matter jurisdiction over this case and should remand the case to Queens County Supreme Court.

1

This dispute centers on an illegal or sham election held by Defendants to place their cronies in command of a New York-incorporated non-profit organization, Federation of Kerala Associations in North America, Inc. On August 12, 2020, the New York Supreme Court (Queens County) entered a temporary restraining order (TRO) and scheduled a hearing on September 3, 2020 on Plaintiffs' request for preliminary injunction. (**Exhibit C** to Defendants' Notice of Removal). The TRO commands that "Respondents are immediately restrained and enjoined from conducting and/or engaging in any business in the name of the Federation and/or for the alleged benefit of the Federation." (Id.). On August 20, 2020, Defendants served a notice of removal.

## II. ARGUMENT

**Standard of Review for Removal under Diversity Jurisdiction**

Plaintiffs are entitled to the benefit of any doubts with respect to removal, and a very heavy burden is placed upon Defendants to meet the requisites of removal. Richardson v. Phillip Morris Inc., 950 F. Supp. 700 (D. Md. 1997). In Egle Nursing Home v. Erie Insurance Group, 981 F. Supp. 932 (D. Md. 1997), Judge Young explained that "[t]he removal jurisdiction of the federal courts is to be 'scrupulously confined,' and if federal [removal] jurisdiction is doubtful, a remand is necessary." This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. The party seeking removal bears the burden of stating facts in its notice of removal demonstrating an entitlement to removal. Id. at 933 (quoting Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)).

A.  ***There is no complete diversity of parties.***

"For diversity jurisdiction to exist, there must be 'complete diversity,' meaning that 'no party shares common citizenship with any party on the other side.'" O'Sullivan v. Diamond, Case No.: GJH-19-818, at *4 (D. Md. Oct. 28, 2019) (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999))[1]. The Notice of Removal correctly identified Plaintiffs as New York residents. (Notice of Removal Par. 2). In that same paragraph, Defendants state that Defendant "Philipose Philip is a resident of Rockland County, New York." (Notice of Removal Par. 2). Clearly, Defendant Philip shares citizenship with all the Plaintiffs, and therefore, there is no complete diversity.

B.  ***The amount in controversy does not meet the jurisdictional minimum.***

Federal district courts have original jurisdiction in cases between "citizens of different states" when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. In Momin v. Maggiemoo's Int'l, L.L.C., 205 F. Supp.2d 506, 509 (D. Md. 2002), this Court has stated that:

> [i]n determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint. Where a plaintiff claims a specific amount in damages that is less than $ 75,000, removal is proper only if the defendant can prove to a legal certainty that the plaintiff would actually recover more than that if she prevailed. If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.

205 F. Supp.2d at 509-10 (internal citations omitted). The "amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff

---

[1] A copy of the unpublished case O'Sullivan v. Diamond is attached as Exhibit 1.

seeks to enforce or protect or the value of the object that is the subject matter of the suit." 14AA Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3702.5 (4th ed. 2019).

Plaintiffs do not seek monetary damages in the New York Petition, but only relief under NPCL 618. That statute provides that the court may "confirm the election, annul the election, order a new election or take such other action as justice may require." N.Y. NPCL 618. The statute does not say monetary damages are awarded, and clearly, Plaintiffs did not seek money damages.

To support the removal, Defendants appear to assert a counterclaim that "damages to [Defendant] FOKANA and its worldwide reputation exceed $75,000.00." (Notice of Removal Par. 9). First, Defendants do not assert a counterclaim in the New York petition. But even if they did, the plaintiff is the "master of the claim" and may "avoid federal jurisdiction by exclusive reliance on state law" in drafting the complaint. Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987)). Consequently, federal jurisdiction may not "rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). If this rule did not apply to removal, "the result would be an unwarranted and nearly limitless expansion of removal jurisdiction." UTrue, Inc. v. Page One Sci., Inc., 457 F. Supp. 2d 688, 690 (E.D. Va. 2006).

Second, the object of the litigation is the sham election conducted by Defendants and the relief requested by Plaintiffs is one of equity. There is no monetary or pecuniary value attached to an election process by a non-profit organization. The New York statute under which the Petition was brought provides relief to any member of a non-profit organization that is affected

4

by a wrongful election, and the relief provided is a very limited one – the court may confirm, annul, or order a new election, or take action as justice may require. N.Y. NPCL 618.

For the above reasons, Defendants fail to meet their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

### III. CONCLUSION

Because there is no basis for the Court to exercise jurisdiction over this case, Plaintiffs respectfully request that their Motion to Remand be granted. Plaintiffs submit a proposed order for the Court's consideration.

Dated:  August 24, 2020
        Rockville, Maryland

/s/ Irene H. Chen
Irene H. Chen, Esq., Bar No. 18121
**Chen Law Group LLC**
200-A Monroe St., Ste 100
Rockville, MD  20850
Telephone: (301) 760-7393
Fax: (301) 263-7700
Email: irene@chenlawgroup.com