# Exhibit 1

Case No.: GJH-19-818

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND Southern Division

# O'Sullivan v. Diamond

Decided Oct 28, 2019

Case No.: GJH-19-818

10-28-2019

LAURA H.G. O'SULLIVAN, et al., Plaintiff, v. JEFFREY DIAMOND, et al., Defendants.

GEORGE J. HAZEL United States District Judge

**MEMORANDUM OPINION**

Plaintiffs, as substitute trustees under a deed of trust, initiated this foreclosure action in the Circuit Court for Montgomery County, Maryland ("State Court"). ECF No. 3. Following Defendants Jeffrey and Georgia Diamond's removal of the action to this Court, Plaintiffs filed a Motion to Remand. ECF No. 7. No hearing is necessary to resolve the pending motion. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion to Remand is granted.

## I. BACKGROUND

Plaintiffs are substitute trustees under the deed of trust secured against the real property located at 18 Stapleford Hall Court, Potomac, Maryland 20854 ("the Property"). *See* ECF No. 3-5. On March 28, 2019, Plaintiffs initiated a foreclosure action for the Property by filing an Order to Docket Suit in the State Court. ECF Nos. 3-1, 3-2, 3-2; *see also O'Sullivan v. Diamond*, No. 417984V (Mont. Cty. Cir. Ct.). The foreclosure action is based on a state statute addressing deeds of trust, mortgages, and other liens in default. *See* Md. Code. Ann., Real Prop. §§ 7-105.1 *et seq*. A foreclosure sale was held on June 13, 2018, and the Property was purchased by the U.S. Bank National Association, as Trustee for Residential Funding Mortgage

2  Securities I, Inc., *2 Mortgage Pass-Through Certificates, Series 2007-S6 ("Noteholder"). ECF No. 3-13. On or about December 14, 2018, Defendants' title and interest in the Property was extinguished pursuant to an order of ratification of sale. ECF No. 3-10; *see also O'Sullivan*, No. 417984V. Defendants noted an appeal on January 11, 2019, ECF No. 3-11, and the Noteholder initiated eviction proceedings by filing a Motion for Judgment Awarding Possession on March 1, 2019, ECF No. 3-9.

Defendants filed a Notice of Removal in this Court on March 21, 2019. ECF No. 3. Plaintiffs filed a Motion to Remand on April 18, 2019, ECF No. 7, and Defendants filed a response on May 7, 2019, ECF No. 9.

## II. DISCUSSION

Plaintiffs contend that this case must be remanded to the State Court because it is a routine foreclosure action arising solely under Maryland law, the parties lack complete diversity, and Defendants delayed in removing the case. In opposition, Defendants contend that this case can only be heard in federal court because it involves issues of federal constitutional and statutory law.

Federal courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).

casetext

"Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to \*3 '*demonstrat[e]* that removal jurisdiction is proper.'" *Id.* (quoting *Strawn*, 530 F.3d at 297) (emphasis in original). Here, Defendants have not met their burden of demonstrating that removal was proper because, despite their contention otherwise, the Court lacks both federal question and diversity jurisdiction.

Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). This case involves no such causes of action; rather, this case is an *in rem* foreclosure proceeding arising under Maryland state law, involving property located in Maryland. *See, e.g., Fisher v. Cathey*, No. GJH-15-1357, 2016 WL 1214782, at \*1 (D. Md. Mar. 22, 2016) (finding that a foreclosure proceeding could not serve as the basis for federal question jurisdiction). Although Defendants appear to be considering defenses or counterclaims based on the United States Constitution and federal securities and banking laws, the Court looks only to the complaint, or in this case, the Order to Docket Suit, to determine whether a federal question is presented. *See Franchise Tax Bd.*, 463 U.S. at 10 ("For better or worse, under the present statutory scheme ... a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original)); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (stating that a counterclaim "cannot serve as the basis for [federal question] jurisdiction"); *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1275 (4th Cir. 1985) ("A federal defense to a state cause of action is not sufficient to invoke federal jurisdiction..."). Because the foreclosure action, as instituted by \*4 Plaintiffs, only involves a state law proceeding and does not involve any federal causes of action, the Court lacks federal question jurisdiction and removal on this ground was improper.[1]

> [1] To the extent that Defendants argue that this Court should review the constitutionality of the State Court's application of the Maryland foreclosure statute, this is prohibited by the Rooker-Feldman doctrine. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997) (affirming that under the Rooker-Feldman doctrine, federal courts may not exercise appellate jurisdiction over final state court judgments).

Any attempt to remove this action based on diversity jurisdiction is similarly improper. District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Here, there is a lack of complete diversity because Defendants and at least one Plaintiff, Laura H.G. O'Sullivan, are citizens of Maryland. *See* ECF No. 1. As a result, this Court lacks diversity jurisdiction and remand is necessary.[2]

> [2] Because the Court determines that it does not have federal question or diversity jurisdiction, it need not address Plaintiffs' third argument that Defendants' removal was untimely. --------

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is granted, and this case is remanded to Circuit Court for Montgomery County, Maryland. A separate Order shall issue. Date: October 28, 2019

/s/

GEORGE J. HAZEL

United States District Judge



3