**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

LEELA MARET, *et al.*,                              *

      Plaintiffs,                                     *

v.                                                                      **Case No.: GJH-20-2417**

                                   *

MAMMAN C. JACOB, *et al.*,                       *

      Defendants.                                     *

*    *    *    *    *    *    *    *    *    *    *    *    *

## <u>MEMORANDUM OPINION</u>

Plaintiffs Leela Maret, Alex Thomas, and Joseph Kuriappuram, filed this action pursuant to state law in the Supreme Court of the State of New York, County of Queens against Defendants Mamman C. Jacob, Philipose Philip, Ben Paul, Kurian Prakkanam, Georgy Varughese, and the Federation of Kerala Associations in North America Inc. (the "Federation"), seeking to undo the results of an alleged "sham election" of certain officers of the Federation. ECF No. 2. Defendants removed the action to this Court. ECF No. 1. Now pending before the Court is Plaintiffs' Motion to Remand. ECF No. 6.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiffs' Motion to Remand is granted.

### I.      BACKGROUND

According to the Complaint, Plaintiffs are each members of different individual organizations for which the Federation is the national umbrella organization. ECF No. 2 ¶¶ 2–5.

---

[1] Also pending before the Court is Defendants' Motion for Leave to File a Three-Page Sur-Reply. ECF No. 13. The Sur-Reply does not raise arguments that could not have been raised earlier and is denied, *see MTB Servs., Inc. v. Tuckman-Barbee Const. Co.*, No. 1:12-cv-02109-RDB, 2013 WL 1224484, at *6 (D. Md. Mar. 26, 2013); however, the Court did review the filing, and the arguments in the proposed Sur-Reply would not have changed the outcome of the Motion to Remand.

The individual Defendants are officers in the Federation and a number of them are members of the Election Committee. *Id*. ¶¶ 6–10. As a result of the COVID-19 pandemic, the Federation postponed the convention scheduled for July 2020 at which the Federation, among other activities, was scheduled to elect officers. *Id*. ¶¶ 17–19. In contravention of an agreed upon Resolution postponing the election of officers until July 31, 2021, the Federation's Board of Trustees appointed a 3-person Election Committee and conducted an election of officers through online or virtual voting on July 28, 2020, after an earlier announcement that virtual voting would be held on September 9, 2020. *Id*. ¶¶ 18, 20, 25. This "sham election" violated the earlier Resolution and the Constitution of the Federation for this and other reasons detailed in the Complaint. *Id*. ¶¶ 23–26. Plaintiffs had intended to run for various offices in the election to be held on July 31, 2021, but did not have their names submitted for the earlier election. *Id*. ¶¶ 27–28.

Plaintiffs filed this declaratory judgment action in the Supreme Court of the State of New York, County of Queens on August 11, 2020, pursuant to New York Not-for-Profit Corporation Law § 618. ECF No. 2. On August 12, 2020, the New York Court issued a Temporary Restraining Order prohibiting Defendants from conducting business in the name of the Federation and scheduled a further hearing for September 3, 2020. ECF No. 1-5 at 2–3. On August 20, 2020, Defendants removed the action to this Court. ECF No. 1. On August 24, 2020, Plaintiffs filed a Motion to Remand, ECF No. 6, which was opposed by Defendants on September 2, 2020, ECF No. 10, and further supported by a reply memorandum from Plaintiffs on September 14, 2020, ECF No. 12.

## II.      STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[a] defendant in a state civil action may remove the case to federal district court, provided that the district court would have had original jurisdiction had the action been filed there in the first instance." *Kelly v. JP Morgan Chase Bank, Nat'l Ass'n*, No. CV TDC-15-1115, 2015 WL 9183428, at *1 (D. Md. Dec. 17, 2015) (citing 28 U.S.C. § 1441(a)). The burden of demonstrating the propriety of removal falls on the removing party. *Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir. 2004). On a motion to remand, the Court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court"—consistent with federal courts' reluctance "to interfere with matters properly before a state court." *Rizwan v. Lender Servs. Inc.*, 176 F. Supp. 3d 513, 515 (D. Md. 2016) (quoting *Barbour v. Int'l. Union,* 640 F.3d 599, 615 (4th Cir. 2011), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B)).

"Federal courts have original jurisdiction over two kinds of civil actions—those which are founded on a claim or right arising under the Constitution, treaties or laws of the United States, and those where the matter in controversy exceeds $75,000 and is between citizens of different States." *Dean v. Navy Fed. Credit Union*, RDB 09-1989, 2009 WL 3817587, at *5 (D. Md. Nov. 12, 2009) (citing U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332(a)). The determination of subject-matter jurisdiction is a threshold inquiry the Court must address before proceeding to the merits of a claim. *See Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

3

## III.    DISCUSSION

Removal to this Court was plainly inappropriate based on the clear instruction of 28 U.S.C. § 1441(a), which provides for removal "to the district court of the United States for the district and division embracing the place where such action is pending." Prior to removal, this action was pending in the Supreme Court of the State of New York, County of Queens. ECF No. 2. Thus, even assuming this case was removable to federal court at all, removal should have been to the United States District Court for the Eastern District of New York, which embraces the place where the action was originally pending. Remand is required on that basis alone.

Additionally, Defendants' attempt to remove this action is improper because the Court lacks subject-matter jurisdiction. In the Notice of Removal, Defendants assert that the Court has diversity jurisdiction. ECF No. 1 at 5. District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 8 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be complete diversity, meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Here, both the Complaint and the Notice of Removal indicate that all three Plaintiffs are residents of New York and at least one Defendant, Philipose Philip, is a resident of New York. ECF No. 1 at 4; ECF No. 2 ¶¶ 2–4, 7. Although proof of residency does not necessarily establish citizenship, *see Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998), Defendants, who carry the burden of establishing that removal is proper, provide no evidence to the contrary. Instead, Defendants claim that the individual defendants, specifically Defendant Philip, are not proper parties to this case and should not be

  
considered for determining whether complete diversity exists. ECF No. 10 at 6–7.[2] This argument raises the doctrine of fraudulent joinder.

"The doctrine of fraudulent joinder permits a federal court to 'disregard, for jurisdictional purposes,' the citizenship of non-diverse defendants." *McFadden v. Fed. Nat'l Morg. Ass'n*, 525 F. App'x 223, 227 (4th Cir. 2013) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). To establish fraudulent joinder, a defendant "must show either that: (1) 'there is no possibility that the plaintiff would be able to establish a cause of action' against the non-diverse party, or (2) there has been 'outright fraud in the plaintiff's pleading of jurisdictional facts.'" *Id.* (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). Here, Defendants appear to rely on the first element as to Defendant Philip; however, Defendant Philip is alleged in the Complaint to be a member of the Election Committee that "conducted the sham election." ECF No. 2 ¶¶ 6–7. Thus, Plaintiffs have at least pled "a slight possibility of a right to relief" against Defendant Philip, which is sufficient to survive an allegation of fraudulent joinder. *Hughes v. Well Fargo Bank, N.A.*, 617 Fed. Appx. 261, 265 (4th Cir. 2015) (quoting *Mayes*, 198 F.3d at 464). Because Defendants have not established complete diversity of parties, diversity jurisdiction does not exist.

In Defendants' Opposition, for the first time, Defendants also claim that federal question jurisdiction exists because they intend to rely on a federal statute, the Volunteer Protection Act, 42 U.S.C. § 14501, as part of their defense. However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this

---

[2] The parties also dispute whether the Federation is a citizen of New York, but the Court need not resolve that dispute.

5

rule, "a case does not become removable simply because the defendant in the state proceeding raises a federal counterclaim or federal defense." *Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002)). Here, there is no federal question presented by the Complaint filed by Plaintiffs in state court, as Plaintiffs bring a single cause of action under a state statute. Thus, Defendants' removal cannot be sustained in this Court on the basis of federal question jurisdiction.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is granted. The action is remanded to the Supreme Court of the State of New York, County of Queens. A separate Order shall issue.

Date: <u>February 1, 2021</u>                               _/s/_____

GEORGE J. HAZEL
United States District Judge